UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62524-RAR

**RICARDO BIGIO**,

 Petitioner,

v.

**MARK S. INCH**,

 Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner, Ricardo Bigio, challenges his conviction and sentence entered in the State Circuit Court in and for Broward County, Florida, Case No. 03019481-CF-10A. *See* Petition [ECF No. 1]. "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160 (2010) ("Jurisdiction refers to a court's adjudicatory authority.") (cleaned up); *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008) (describing a court's "independent obligation to determine whether subject-matter jurisdiction exists") (cleaned up). Therefore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As explained herein, this case is **DISMISSED** for lack of subject-matter jurisdiction.

Petitioner first challenged his state court conviction and sentence, imposed in Case No. 03019481-CF-10A, by filing a habeas petition within this Court. *See Bigio v. Crews*, No. 14-cv-60783-WJZ, [ECF No. 1] (S.D. Fla. Mar. 31, 2014) ("2014 Habeas"). The Court denied the

Petition on the merits.  *See* 2014 Habeas [ECF No. 37].  Petitioner appealed, but the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed.  *See* 2014 Habeas [ECF No. 47].  Afterwards, the Supreme Court of the United States denied his petition for writ of certiorari.  *See* 2014 Habeas [ECF No. 48].  Consequently, what is known as "second or successive status" attached.  *See Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) ("[S]econd or successive status only attaches to a judgment on the merits.").

"Before a prisoner may file a second or successive habeas petition [in the district court], [they] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A).  Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition."  *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("[Petitioner] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Turning to this case, Petitioner is challenging the same underlying judgment resolved in the 2014 Habeas action.  *See* Petition at 1, 6 (seeking "review of all the cases related to his judgment" and citing Case No. 03019481-CF-10A as the judgment).  However, Petitioner has not alleged that he obtained the necessary authorization from the Eleventh Circuit.  A search of the Public Access to Court Electronic Records ("PACER") website further confirms that the Eleventh Circuit never authorized Petitioner to file a successive habeas petition.  Thus, the Court lacks subject-matter jurisdiction to review the instant Petition.[1]  *See Insignares*, 755 F.3d at 1278 ("[A]

---

[1] Petitioner also does not qualify under any exception to this general rule.  To explain, "[t]he phrase 'second or successive' is not self-defining."  *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007).  For instance, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § [2254 petition] concluded[]" is not subject to "second or successive" restrictions.  *Boyd*, 754 F.3d at 1302.  Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition or § 2255 motion]

district judge lacks jurisdiction to decide a second or successive petition filed without our authorization."). Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF No. 1] is **DISMISSED** for lack of subject-matter jurisdiction. All pending motions are **DENIED as moot**. Any demands for an evidentiary hearing are **DENIED**. Further, the Court has no authority to issue a certificate of appealability in this case. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims."). Accordingly, this case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of December 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Ricardo Bigio
M05248
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266
PRO SE

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com

---

challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254] petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014); *but cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (distinguishing *Insignares*). Lastly, if a claim—by its nature—unusually became ripe years after direct or collateral review, the claim might not be "second or successive" in a second-in-time motion to vacate or habeas petition. *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018). For that doctrine to apply, the habeas litigant must also have lacked a fair opportunity to raise the legal issue for lack of ripeness. *Scott*, 890 F.3d at 1249 (citing *Magwood*, 561 U.S. at 345 (Kennedy, J. dissenting)). Petitioner does not rely on any of the foregoing exceptions, and the Court finds that they are inapplicable to this case.